UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | REQUEST FOR ADDITIONAL BRIEFING |
| v. | 15-CR-00220-LJV-JJM-1 |
| JOHN HAAK, | |
|                 Defendant. | |

_____

        For the following reasons, I request additional briefing from the parties concerning defendant's motion ([4], Point IX)[1] to suppress statements given to Town of Hamburg Detective Sergeant Glenn Zawierucha on March 4, 2015. I recognize that this is an unusual request, but this is also an unusual case.

        My December 8, 2015 Scheduling Order [3] clearly warned that "any motion to suppress statements . . . must initially be accompanied by an appropriate affidavit (or declaration) from an individual with personal knowledge, failing which the court will normally recommend that the motion be denied without an evidentiary hearing". Id., ¶3. Notwithstanding that warning, defendant's motion was not accompanied by either an affidavit or a declaration from someone having personal knowledge. While the Notice of Motion referred to "the Affirmation of David R. Addelman, Esq., sworn to on a time and date determined by the Court" ([4], p. 1 of 22), no Affirmation was attached - instead, the Notice of Motion was accompanied by "Defendant's Motions for Relief". Id., p. 3 of 22. When the government pointed out that the motion was unaccompanied by an affidavit or declaration (government's Response [6], p. 14), defendant submitted a Reply stating that "Defense Counsel personally observed the videotape [of the statement], placing Defense Counsel in a position to establish this allegation based on his

---

[1]     Bracketed references are to CM/ECF docket entries.

own observations". [9], ¶6. However, the Reply was not sworn to before a notary public, nor did it contain the language required by 28 U.S.C. §1746 for unsworn declarations.

Moreover, I find neither of defendant's arguments in support of suppression to be particularly persuasive. He first argues that "the officers provided an incomplete version of the Miranda warnings, failing to advise the defendant that if he could not afford an attorney that one would be provided for him". Motion [4], p. 20 of 22. However, the videotape of his confession shows that Detective Sergeant Zawierucha *did* provide that warning. Defendant next argues that he was told "that if he did not get 'on board that the weight of the federal government was going to come down on (him).' Upon information and belief any reasonable person, not guilty of a crime would have understood those statements to mean that if he wanted to leave 'the weight of the federal government would fall on him.' This threat implicates any argument that Defendant's statements were voluntary". Id., pp. 20-21 of 22. However, I see nothing *per se* improper with a threat of prosecution if defendant did not cooperate. "In an adversarial system, it is not for the courts to bring to light the best arguments for either side; that responsibility is left to the parties themselves." United States v. Bendolph, 409 F.3d 155, 172 (3d Cir. 2005).

Therefore, in the normal case I would recommend that the motion to suppress be denied. However, having reviewed the videotape of defendant's confession (the authenticity of which neither party disputes), I have grave concerns as to whether defendant's confession was voluntary - albeit not for the reasons argued by counsel - and I may not ignore those concerns merely because they were not raised in the normal course. See United States v. Guanespen-Portillo, 514 F.3d 393, 402 (5th Cir. 2008) ("when the evidence clearly reflects a question of the voluntariness of a confession, the trial court must raise the issue on its own motion"); United States v. Silva, 418 F.2d 328, 331 (2d Cir. 1969) ("the testimony concerning the circumstances

-3-

of [the] confession was such that the trial judge should have ordered a hearing sua sponte"); Fed. R. Crim. P. ("Rule") 52(b) ("[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention").[2]

"No single criterion controls whether an accused's confession is voluntary: whether a confession was obtained by coercion is determined only after careful evaluation of the totality of the surrounding circumstances." Green v. Scully, 850 F.2d 894, 901 (2d Cir. 1988). "In applying the totality of the circumstances test, those factors that a court should consider to determine whether an accused's confession is voluntary center around three sets of circumstances: (1) the characteristics of the accused, (2) the conditions of interrogation, and (3) the conduct of law enforcement officials." Id. at 901-02. "[A] single factor or a combination of factors considered together may inevitably lead to a conclusion that under the totality of circumstances a suspect's will was overborne and the confession was not therefore a free and voluntary act." Id. at 902.

Based upon my review of the videotape, it is primarily the third factor - the conduct of law enforcement officials - that I find troubling. While defendant was not in custody at the time of his interrogation (having been repeatedly advised that he was free to leave), "noncustodial interrogation might possibly in some situations, by virtue of some special circumstances, be characterized as one where the behavior of law enforcement officials was

---

[2] While Rule 52(b) is most often applied in the context of appellate review, it is applicable to district courts as well. See Rule 1(a) ("[t]hese rules govern the procedure in all criminal proceedings in the United States district courts, the United States courts of appeal, and the Supreme Court of the United States"); Herzog v. United States, 226 F.2d 561, 569 (9th Cir. 1955) (rejecting attempt to "read into Rule 52(b) the words 'by appellate courts' and 'trial' so that the rule will read: 'Plain errors or defects affecting substantial rights may be noticed by appellate courts although they were not brought to the attention of the trial court.' That of course is not what the rule states. The words 'the court' refer to the court which notices the error and the clear meaning of the sentence is that a court may notice plain or prejudicial error although not brought to the attention of the court noticing the error").

such as to overbear petitioner's will to resist and bring about confessions not freely self-determined . . . . Proof that some kind of warnings were given or that none were given would be relevant evidence . . . on the issue of whether the questioning was in fact coercive." Beckwith v. United States, 425 U.S. 341, 347–48 (1976); Scott v. Fisher, 652 F. Supp. 2d 380, 430 (W.D.N.Y. 2009) (Bianchini, M.J.) ("whether a suspect has been advised of his rights under [Miranda v. Arizona, 384 U.S. 436 (1966)] is an important consideration in determining whether a confession is voluntary").

Since "defendant was not in custody . . . Miranda warnings were not required". United States v. FNU LNU, 653 F.3d 144, 155 (2d Cir. 2011). However, having elected to provide the warnings, Detective Sergeant Zawierucha could not pick and choose which warnings to include. Although he advised defendant of his right to an attorney and his right to remain silent, he did *not* advise defendant that anything that he said could be used against him, and that omission is critical. "The warning of the right to remain silent must be accompanied by the explanation that anything said can and will be used against the individual in court. This warning is needed in order to make him aware not only of the privilege, but also of the consequences of forgoing it. It is only through an awareness of these consequences that there can be any assurance of real understanding and intelligent exercise of the privilege. Moreover, this warning may serve to make the individual more acutely aware that he is faced with a phase of the adversary system - that he is not in the presence of persons acting solely in his interest." Miranda, 384 U.S. at 469.

The significance of that omission comes into clear focus when one considers what Detective Sergeant Zawierucha *did* say to defendant: "*I'm not trying to screw with you*. Just trying to set some facts . . . . Okay, you have a couple of choices you can make right now. There

is a multi-county federal investigation where people are going to get wrapped up in a conspiracy charge for distributing heroin containing fentanyl.  Primarily the people that are the direct people that distributed this, especially if it caused a death, are going to be the number one targets.  You don't need this shit . . . . I am not looking to screw you over, *not even looking to come after you on this*, but you need to make a conscious decision . . . . *I am not looking to mess with you, I am not looking to come after you*, but you have to get on board *or* you shut your mouth and *then* the weight of the federal government is going to come down on you . . . .  It's your call. You can either get on board, put on the team jersey, play for this team, or you can be on the losing team."[3]

        I recognize that the "[s]imple failure to inform defendant that he was the subject of the investigation . . . does not amount to affirmative deceit".  <u>United States v. Okwumabua</u>, 828 F.2d 950, 953 (2d Cir. 1987).  Here, however, Detective Sergeant Zawierucha did much more than that:  he repeatedly assured defendant that he was "not looking to come after" him, and that "the weight of the federal government is going to come down" on him *only if he remained silent*.  Perhaps most telling is his reference to "putting on the team jersey" and "playing for this team" - for who in their right mind would reasonably expect that if they did so (by speaking up rather than remaining silent), they would end up being prosecuted by their own "team"?

        "[W]aiver must be voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception, and made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." <u>Berghuis v. Thompkins</u>, 560 U.S. 370, 382-83 (2010).  Therefore, "if the government feeds

---

[3]    Personal transcription from the video, emphasis added.

the defendant false information that seriously distorts his choice then the confession must go out". United States v. Lall, 607 F.3d 1277, 1286 (11th Cir. 2010).

"[C]ourts place upon the government the burden to prove that a defendant's confession was voluntary". United States v. Capers, 627 F.3d 470, 479 (2d Cir. 2010). For the reasons discussed herein, at this point it seems highly unlikely to me that the government could satisfy that burden. However, since none of these concerns have previously been raised, I will give the parties an opportunity to submit additional briefing addressing this question by April 27, 2016 (subject to reasonable extension upon request), and the motion will then be deemed submitted.

Dated: April 21, 2016                        /s/ Jeremiah J. McCarthy
                                                           JEREMIAH J. MCCARTHY
                                                           United States Magistrate Judge